IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK MAURICE WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-042 |
| | ) | |
| S. LEWANDOWSKI, Correctional Officer; | ) | |
| JANE DOE, Nurse; and TONY CUMMINGS, | ) | |
| Correctional Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.     **SCREENING OF THE COMPLAINT**

    A.     **BACKGROUND**

In a complaint signed on March 28, 2017, and received by the Clerk of Court for filing on April 11, 2017, Plaintiff names the following Defendants: (1) S. Lewandowski, a correctional officer at ASMP; (2) Jane Doe, a nurse at ASMP; and (3) Tony Cummings, a correctional officer at ASMP. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 20, 2015, Defendant Lewandowski came into Plaintiff's dormitory, and Plaintiff advised him that he needed to use the telephone at 7:30 a.m. (Id. at 5.) Defendant Lewandowski told Plaintiff he was the first to ask for the telephone and thus could have the phone at 7:30 a.m. (Id.) Nevertheless, another inmate got the phone first and refused to give it back to Defendant Lewandowski when requested. (Id.) Defendant Lewandowski left and returned later with a nurse, Defendant Jane Doe, to conduct the "A.M. Pill Call." (Id.) When the two got to Plaintiff's cell, he stuck his hand out the flap to his door to get his pills, but also began to address Defendant Lewandowski about the earlier phone issue. (Id.)

Defendant Lewandowski grabbed Plaintiff's wrist and threatened to hurt him. (Id. at 6.) As the officer began to twist and bend Plaintiff's left arm, Plaintiff put his right hand out of the tray flap in attempt to free his wrist from Defendant Lewandowski. (Id.) Then the nurse conducting pill call grabbed Plaintiff's right arm and began pulling, twisting, and bending it. (Id.) When the two stopped twisting his arms and walked away, Plaintiff noticed blood dripping from a cut near his left elbow. (Id.)

As the tray flap had not been re-secured, Plaintiff began yelling after Defendant Lewandowski that he needed to go to the medical department. (Id.) The officer, and several others who came through the dormitory after the encounter, re-secured the tray flap but ignored Plaintiff's entreaties for medical treatment for the cut on his elbow. (Id. at 6-7.) Plaintiff was eventually taken to the showers, but not to the medical department. (Id. at 7.)

Later that same afternoon, a mental health counselor came through the dormitory, and when Plaintiff told her what had happened with Defendant Lewandowski and the pill call

2

nurse, she had officers in the dormitory open the tray flap on Plaintiff's door. (Id.) Defendant Cummings and the nurse were in the dormitory at the time the mental health counselor had the tray flap opened and expressed her intention to report the incident to a lieutenant. (Id.) Approximately half an hour later, Defendants Cummings and Lewandowski returned to Plaintiff's cell "and initiated further assault." (Id. at 8.)

Defendant Cummings sprayed Plaintiff with pepper spray and slammed Plaintiff's left arm in tray flap while also twisting, pulling, and kicking the arm. (Id.) Defendant Lewandowski joined the fray by grabbing Plaintiff's right hand, and then Defendant Cummings again discharged his pepper spray through the tray flap before re-securing it and leaving. (Id.) Plaintiff was not taken to the medical department until the next day, February 21, 2015. (Id.)

Plaintiff attached numerous written statements concerning the events of February 20, 2015, with the first one dated February 21, 2015. (Id. at 11.) On February 22, 2015, Plaintiff signed his grievance regarding the events of February 20th. (Id. at 29.) The grievance was forwarded the Georgia Department of Corrections Internal Investigation Unit ("IIU") due to the nature of Plaintiff's allegations, a non-appealable decision that closed Plaintiff's grievance, and a memorandum explaining this procedure was prepared. (Id. at 30, 35.) On March 30, 2015, Plaintiff acknowledged receipt of the Warden's response to his grievance, which again explained the matter had been forwarded to the IIU. (Id. at 28, 33.) Plaintiff also attached letters he wrote on March 24 and April 8, 2015, detailing that he had been interviewed by an IIU investigator, Ms. Platt, on March 16, 2015. (Id. at 17-21.)

At some point thereafter, Plaintiff transferred to Georgia State Prison, but returned to ASMP on September 9, 2016. (Id. at 22.) Upon his return, he saw two of the three named

3

Defendants still working at ASMP. (Id. at 23.) Plaintiff wrote a letter on December 10, 2016, complaining that he never received any results from the IIU about his prior encounter with Defendants on February 20, 2015, and warning of his intention to file this lawsuit. (Id. at 22-23, 37-38.) Plaintiff seeks compensatory and punitive damages from all three Defendants. (Id. at 9-10.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

4

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Time-Barred.

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33.

State law also governs statutory tolling rules in § 1983 cases. Wallace v. Kato, 549 U.S. 384, 394 (2007). The limitations period for certain disabled individuals is tolled in Georgia, but prisoners are excluded from the persons entitled to statutory tolling. Seibert v. Comm'r, Ga. Dep't of Corr., No. 15-10501, 2017 WL 710437, at *2 (11th Cir. 2017) (citing

5

O.C.G.A. § 9-3-90; Giles v. Garwood, 853 F.2d 876, 877-78 (11th Cir. 1988)). If "an inequitable event prevented a plaintiff's timely action," equitable tolling may be available, but the plaintiff bears the burden of establishing such tolling is warranted. Booth v. Carnival Corp., 522 F.3d 1148, 1150 (11th Cir. 2008). The Eleventh Circuit has refused to set a *per se* rule that the requirement found in 42 U.S.C. § 1997e(a) to exhaust available prison administrative remedies prior to filing a federal lawsuit operates to toll the statute of limitations. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001).

Although state law determines the applicable statute of limitations period and availability of tolling for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003). Because Plaintiff is a prisoner, Georgia's statutory tolling does not apply, and he has not otherwise alleged an inequitable event entitles him to equitable tolling. See Seibert, 2017 WL 710437 at *2. Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the encounter with Defendants Lewandowski, Cummings, and the Jane Doe pill nurse occurred, February 20, 2015.

Plaintiff has not offered any reason why the statute of limitations might be tolled, and no such reason appears from the face of the complaint. To the contrary, Plaintiff began submitting written complaints about the events forming the basis of this lawsuit within one day of February 20, 2015, and he met with an investigator from the IIU on March 16, 2015. (Doc. no. 1, pp. 11, 17-21, 29-30.) He was also informed that forwarding his grievance to the IIU closed the grievance process. (Id. at 28, 30, 33, 35.) Thus, Plaintiff's exhaustion of administrative remedies was completed long before the two-year statute of limitations approached.

Plaintiff transferred from ASMP, and only upon his return in September 2016, does it appear he again began considering the events of February 20, 2015. (Id. at 22.) In September, Plaintiff had nearly five months left in his two-year statute of limitations. In his letter dated December 10, 2016, Plaintiff threatened legal action "within the next 30-45 days." (Id. at 23; see also id. at 38 ("I am ready to proceed to United States District Court at the first of 2017.")

Plaintiff did not sign his complaint until March 28, 2017. (Doc. no. 1, p. 9.) Under the "prison mailbox rule," Plaintiff's complaint is deemed filed when delivered to prison officials for mailing, and the signature date is assumed to be the day of delivery to prison officials. See Houston v. Lack, 487 U.S. 266, 275-76 (1988). Accordingly, Plaintiff's complaint, signed and deemed filed March 28, 2017, is over one month outside of the two-year statute of limitations period for his encounter with Defendants on February 20, 2015. There is nothing in the record to suggest anything but Plaintiff's own inaction caused him to miss the filing deadline. Thus, the complaint is subject to dismissal as time-barred.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of June, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8